UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIMBERLY CLINCHY, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 5:24-cv-0464 |
| : | |
| JDL VENTURES CORPORATION and : | |
| DOUGLAS J. BECK : | |
|     Defendants. : | |

**O P I N I O N**
**Plaintiff's Motion for Default Judgment, ECF No. 23 – Granted**

**Joseph F. Leeson, Jr.**                                                                                                  **October 29, 2024**
**United States District Judge**

## I.   INTRODUCTION

Presently before the Court is Kimberly Clinchy's Motion for Default Judgment.  *See* ECF No. 23.  The underlying matter is a breach of contract claim.  For the following reasons, the Motion is granted.

## II.   BACKGROUND

The factual allegations, taken from the Complaint, *see* Compl., ECF No. 1, are as follows:

Clinchy and JDL Ventures entered into a contract wherein Clinchy agreed to lend JDL Ventures $150,000.00.  *Id*. ¶ 5.  In return, JDL Ventures agreed to repay Clinchy the principal plus 18% interest per annum.  *Id*. ¶ 6.  In addition, JDL Ventures agreed to pay monthly interest payments of $2,250 on the 12th of each month beginning October 12, 2022.  *Id*. ¶ 7.  "All amounts due under the Note were to be paid to Plaintiff no later than September 12, 2023."  *Id*. ¶ 8.  Douglas J. Beck guaranteed the Note in his individual capacity.  *Id.* ¶ 9.

JDL Ventures made interest payments up until September 12, 2023.  *Id.* ¶ 10.  JDL Ventures initially missed the payment due September 12, 2023, but then made that payment as well as October's before failing to make November's payment.  *Id*. ¶¶ 11, 12.  The contract contains the following clause:

> Default.  If JDL fails to make the full payment required by this Note within seven days after its due date, or if JDL fails to keep any other promise JDL makes in this Note, the Lender may declare that JDL is in default on this Note.  Upon default, JDL must immediately pay the full amount of all unpaid principal, interest, and other amounts due on this Note and the Lender's costs of collection and reasonable attorney fees.

*Id*. Ex. A.  On June 11, 2024, Clinchy filed proof of service for JDL Ventures.  *See* ECF No. 11.  On August 16, 2024, Clinchy filed proof of service for Douglas Beck.  *See* ECF No. 18.  To date, Defendants have failed to answer or otherwise defend the suit.  Default was entered on July 19, 2024, and September 12, 2024, against JDL Ventures and Douglas Beck respectively.  *See* ECF Nos. 15, 22.  On October 3, 2024, Clinchy filed the instant Motion for Default Judgment.  *See* ECF No. 23.

### III.   LEGAL STANDARDS

#### A.   Default Judgment – Review of Applicable Law

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a properly served defendant when a default has been entered by the Clerk of Court. *See* Fed. R. Civ. P. 55(b)(2); *see also Anchorage Assocs. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). To obtain a default judgment, the plaintiff must "file with the court an affidavit ... stating whether or not the defendant is in military service and showing necessary facts to support the affidavit...." *See* 50 U.S.C. § 3931(b)(1). This affidavit, required by the Servicemembers Civil Relief Act, "is a mandatory precondition to any default judgment, even if the requirements of Rule 55 for default judgment are otherwise met." *See Coss v.*

*Clemente*, No. 3:10-1479, 2011 WL 2632670 at *1, 2011 U.S. Dist. LEXIS 71891 at *3-4 (M.D. Pa. June 9, 2011) (internal quotations omitted).

Additionally, a plaintiff seeking default judgment must submit "an affidavit or affirmation from the moving party or its attorney, indicating that the defendant is a competent adult...." *See FirstBank Puerto Rico v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (collecting cases). "Assuming that the other requirements for entry of default judgment contained in Rule 55 have been met," an affidavit of this sort is "routinely treated as sufficient for a court to enter default judgment against [a] defendant." *See id.* "Three factors control whether a default judgment should be granted":

"(1) prejudice to the plaintiff if default is denied,"

"(2) whether the defendant appears to have a litigable defense,"

"(3) whether defendant's delay is due to culpable conduct."

*Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). In considering these factors, the "court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017).

## IV.   ANALYSIS

### A.   Jurisdiction

The Court has diversity jurisdiction over this matter because the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Clinchy is an individual domiciled in Pennsylvania. Compl. ¶ 1. JDL Ventures is a corporation registered and maintaining its principal place of business in Florida. *Id.* ¶ 2. Douglas Beck is an individual residing in Florida. *Id.* ¶ 3. Additionally, the Note in question regards a loan for $150,000. *Id.* ¶ 5. Moreover, the Court finds that it has personal jurisdiction over Defendants where they

purposefully directed their activities at Pennsylvania by soliciting Clinchy therein and where this suit arises out of that contact. *Pinto v. St. Paul Fire & Marine Ins. Co*., 674 F. Supp. 3d 176 (E.D. Pa. 2023).[1]

### B.   Sufficiency of Service

"In order to obtain a default judgment, a plaintiff must properly serve defendants in accordance with Federal and State Rules." *Sun Music Grp., Inc. v. TAJ Glob. Equities, Inc*., No. CIV. A. 97-5071, 1997 WL 688822, at *1 (E.D. Pa. Oct. 17, 1997).

A plaintiff may use any method of service permitted where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Here, that is Pennsylvania or Florida. Pennsylvania permits service via certified mail outside of the Commonwealth. *See* Pa. R. Civ. P. 404(2). Pennsylvania Rule of Civil Procedure 403 provides that "[i]f a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403. Thus, while Rule 403 permits service by certified mail on out of

---

[1]   "There is a reduced standard to demonstrate personal jurisdiction in the context of a default judgment." *Gen. Nutrition Inv. Co. v. Laurel Season, Inc*., No. CV 20-691, 2020 WL 5077465, at *2 (W.D. Pa. Aug. 26, 2020). "Although plaintiffs retain the burden to demonstrate that personal jurisdiction over defendants is proper, plaintiffs can satisfy that burden with a prima facie showing." *Gen. Nutrition Inv. Co. v. Laurel Season, Inc.*, No. CV 20-691, 2020 WL 5077465, at *2 (W.D. Pa. Aug. 26, 2020).
   On October 22, 2024, this Court issued a Rule to Show Cause as to why the matter should not be dismissed for lack of personal jurisdiction over Defendants. *See* ECF No. 24. In response, Clinchy filed a brief with accompanying exhibits showing that Defendants advertise and conduct business within Pennsylvania by, *inter alia*, soliciting "co-invest[ors]" for "properties located in the state." ECF No. 25 at 3. The underlying contract also contains a Pennsylvania forum selection clause. *See* ECF No. 1, Ex. A; *see also Budget Blinds, Inc. v. White*, 536 F.3d 244, 261 (3d Cir. 2008) (reasoning that while a choice-of-law provision in it of itself is insufficient to confer personal jurisdiction, it is nonetheless a relevant consideration in determining whether jurisdiction exists.) In the present procedural posture, the Court finds that Clinchy's showing is sufficient to establish personal jurisdiction over Defendants.

state defendants, it also requires that "the plaintiff [] show that the defendant or the defendant's authorized agent signed the return receipt." *Kornea v. J.S.D. Mgmt.*, 336 F. Supp. 3d 505, 509 (E.D. Pa. 2018).  Here, service was made by certified mail sent to JDL Ventures at the address of the company's registered agent: 8437 Tuttle Ave, Suite 113, Sarasota, FL 34243.[2]  The exhibit provided shows the mail was signed upon delivery.  This is sufficient with regard to JDL Ventures.

Under Rule 4(e), an individual may be served by delivering a copy of the summons and complaint to the individual personally.  Fed. R. Civ. P. 4(e)(2)(A).  On August 16, 2024, Clinchy filed proof of service which included an affidavit that a Florida based process server served Beck at a real estate networking event on August 15, 2024.  *See* ECF No. 18.  This too is sufficient.

### C. Substantive Claim – Breach of Contract

A successful breach of contract claim requires that a claimant establish three things: (1) the existence of a contract; (2) a breach of duty imposed by the contract; and (3) the claimant suffered damages as a result of the breach. *See Gorski v. Smith*, 812 A.2d 683, 692 (Pa. Super. Ct. 2002).  Clinchy has satisfied this showing.  Clinchy avers that she entered a contract with JDL Ventures to loan the company $150,000 with Douglas Beck as a personal guarantor.  She has attached the signed contract as proof.  She has also sufficiently alleged a breach of duty and damages where JDL Ventures and Douglas Beck have failed to repay the loan under the terms of the contract.[3]

---

[2]   The Court takes judicial notice that 8437 Tuttle Ave, Suite 113, Sarasota, FL 34243 is the address of JDL Ventures Corporation's registered agent as provided by the public records available at sunbiz.org. *See Miller v. Aldecocea*, No. 23-CV-00409, 2023 WL 4534591 at *4 n.2 (E.D. Pa. July 13, 2023).

[3]   Because Clinchy adequately alleges a breach of contract claim and because her unjust enrichment claim rests on the same allegations, the Court need not address the unjust enrichment

### D. *Chamberlain* Factors

"It is well settled in this Circuit that the entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Consideration of the *Chamberlain* factors supports entry of default judgment against Defendants. First, denying the Motion would prejudice Clinchy by indefinitely delaying her ability to pursue this litigation. *See Spring Valley Produce, Inc. v. Stea Bros.*, No. 15-193, 2015 WL 2365573, at *1 (E.D. Pa. May 18, 2015). *See also Grove v. Rizzi*, No. 04-2053, 2013 WL 943283, at *2 (E.D. Pa. March 12, 2013) (explaining that a plaintiff suffers prejudice when denial of default judgment would "impair the plaintiff's ability to effectively pursue his or her claim").

Second, the Court finds that Defendants have no litigable defense with respect to the breach of contract claim. Third and finally, Defendants' delay is due to culpable conduct where it has failed to respond or otherwise defend this suit. Thus, Defendants' "failure or refusal to engage in the litigation process and to offer no reason for this failure or refusal may qualify as culpable conduct with respect to the entry of a default judgment[.]" *Joe Hand Promotions, Inc. v. Yakubets,* 3 F. Supp. 3d 261, 272 (E.D. Pa. 2014) (cleaned up) (citing *E. Elec. Corp. of N.J. v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009)); *see also Amerisourcebergen Drug Corp. v. Greenwall Pharm. Disc., Inc.*, No. 14-5812, 2016 U.S. Dist. LEXIS 172958, at *10 (E.D. Pa. Dec. 13, 2016) (holding that "[t]here is nothing in the record to indicate that [the defendants'] failure to act in this case is due to anything other than deliberate inaction, which should constitute culpable conduct and weigh in favor of a default judgment").

Accordingly, the Court will enter default judgment against Defendants.

---

claim. *See Hartford Cas. Ins. Co. v. MRH Contractor, Inc.*, No. CV 23-1567, 2024 WL 3904049 at *2 n.3 (E.D. Pa. Aug. 22, 2024).

**E.    Relief Sought**

Clinchy seeks judgment in the amount of $177,420.61.  This consists of: 1) the $150,000.00 principal loan; 2) $11,250.00 in interest for the months of June through October; 3) $14,586.37 in attorney fees; and 4) $1,584.24 in costs.  Because the underlying contract entitles Clinchy to "the full amount of all unpaid principal, interest, and other amounts due on this Note and the Lender's costs of collection and reasonable attorney fees," the Court finds this relief appropriate.  *See* Compl., Ex. A; *see also E. Elec. Corp. of New Jersey v. Shoemaker Const. Co*., 657 F. Supp. 2d 545, 561 (E.D. Pa. 2009) ("a party can recover its attorney's fees when there is an express statutory authority or a clear agreement to that effect between the parties in dispute.")

**V.    CONCLUSION**

For the above noted reasons, the Motion for Default Judgment is granted with respect to JDL Ventures and Douglas Beck.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge